# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO (DENVER)

| | |
|---|---|
| MostChoice.com, Inc. | ) |
| Plaintiff, | ) |
| v. | ) |
| Trouve Media, Inc. d/b/a myhomeinsurance.org and d/b/a insurancehome.net and | ) Civil Action No. 1:08-cv-00744 |
| NetQuote, Inc. | ) |
| Defendants. | ) |

---

## CONSENT PERMANENT INJUNCTION AND JUDGMENT
---

This matter having come before the Court on the stipulation of the plaintiff, MostChoice.com, Inc., and defendant Trouve Media, Inc. (hereinafter "Trouve"), originally named as "John Doe Corporation #1" and "John Doe Corporation #2", d/b/a myhomeinsurance.org and insurancehome.net respectively, as evidenced by the signatures below and this consent judgment, the Court finds as follows:

1. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331 and 1338, and this case arises under the Federal Trademark Act of 1946, as amended, 15 U.S.C. §§ 1051, et seq. This court has subject matter jurisdiction over any state law claims pursuant to 28 U.S.C. § 1367, as such claims, if any, are part of the same case or controversy as the federal claims herein.

2. Trouve voluntarily consents to the personal jurisdiction of this Court. Venue is proper in this district pursuant to 28 U.S.C. § 1391.

3. Plaintiff alleges that it is the owner of the mark MOSTCHOICE including all registrations and common law rights associated with same (the "MostChoice Mark").

4. Plaintiff filed a complaint in this action against Defendants NetQuote, Inc. ("NetQuote") and Trouve (as John Doe Corporation #'s 1 and 2 d/b/a myhomeinsurance.org and insurancehome.net respectively), alleging trademark infringement, contributory infringement and related claims regarding the MostChoice Mark (the "Infringement Claims")

5. MostChoice also asserted claims against NetQuote only for false advertising (the "NetQuote Claims").

6. NetQuote asserted a number of defenses to MostChoice's claims in a motion to dismiss the Infringement Claims and both NetQuote and Trouve deny that either of them has engaged in any infringing or other unlawful conduct with respect to MostChoice, and both assert that they have good defenses to MostChoice's Infringement Claims. Among other things, Trouve asserts that it advised MostChoice that (i) it had ceased making any use of the MostChoice Mark months earlier and (ii) the number of Internet visitors and revenues generated by the complained of activities was de minimis.

7. While not to be deemed an admission by Trouve of any wrongdoing, and in order to avoid the burdens, costs and risks associated with litigation, Plaintiff and Trouve entered into a Settlement Agreement dated May 22, 2008 to resolve the Infringement Claims, a copy of which is attached hereto as Exhibit 1 (the "Settlement Agreement"). As part of the Settlement Agreement, Trouve has agreed that it will not use the MostChoice Mark or other marks or domain names confusingly similar thereto in any way that is likely to cause consumer confusion as to the source

of any product or service of Plaintiff. The foregoing does not in any way prevent Trouve from using the MostChoice Mark in comparative advertising or any other lawful manner.

ORDERED that pursuant to the terms of the Settlement Agreement, Trouve will not use the MostChoice Mark or other marks or domain names confusingly similar thereto in any way that is likely to cause consumer confusion as to the source of any product or service of Plaintiff; and it is further;

ORDERED that all claims against Trouve (as John Doe Corporation #'s 1 and 2 d/b/a myhomeinsurance.org and insurancehome.net respectively) in this action be and hereby are dismissed with prejudice; and

ORDERED that the Infringement Claims against NetQuote in the instant action be and hereby are dismissed with prejudice, and MostChoice's claims against NetQuote for false advertising (the NetQuote Claims) shall remain pending before this Court.

It is so ORDERED.

Dated and signed this __30th__ day of May, 2008.

*s/ David M. Ebel*
_____
DAVID M. EBEL
U. S. Circuit Court Judge


AGREED AND SUBMITTED FOR ENTRY BY:

**s/ Ryan Isenberg**
Attorneys for Plaintiff MostChoice.com, Inc.
Isenberg & Hewitt, P.C.
7000 Peachtree Dunwoody Rd
Building 15, Suite 100
Atlanta, Georgia 30328

**s/ Lino S. Lipinsky de Orlov**
Attorneys for Defendant Trouve Media, Inc.
McKenna Long & Aldridge LLP
1875 Lawrence Street, Suite 200
Denver, CO 80202
Lino S. Lipinsky de Orlov, Esq.
Sandra Wick Mulvany, Esq.