IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Civil Action File No. 08-cv-00744-DME-MEH

MOSTCHOICE.COM, INC.

     Plaintiff,

v.

NETQUOTE, INC.

     Defendant.

**PROTECTIVE ORDER
RE: DOCUMENTS AND DEPOSITION TRANSCRIPTS**

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, and for good cause shown, the Court hereby orders that the following procedures are to be employed in this action to prevent disclosure or improper use of confidential information produced in discovery.

1.     PURPOSES AND LIMITATIONS.

Discovery in this action will involve production of confidential, proprietary, or private information which, if disclosed, would cause substantial economic harm to the Parties, who are direct business competitors. This Protective Order is designed to minimize the disclosure of sensitive and confidential commercial and proprietary information. This Protective Order does not confer blanket protections on all disclosures or responses to discovery and the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.

2.     DEFINITIONS.

    2.1     Confidential Information: information (regardless of how generated, stored or

maintained) or tangible things that constitute trade secrets or other confidential research, proprietary information, and sensitive commercial information, including but not limited to interrogatory responses and deposition testimony.

2.2     Designating Party: a Party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential - Attorney's Eyes Only."

2.3     Disclosure or Discovery Material: all items of information, regardless of the medium generated, stored, or maintained, that are produced or generated in disclosures or in responses to discovery requests in this matter.

2.4     Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party.

2.5     Highly Confidential - Attorney's Eyes Only Information: extremely sensitive information or tangible things that constitute trade secrets or other confidential research, proprietary information, and sensitive commercial information, the disclosure of which to another Party would create a substantial risk of serious injury that could not be avoided by less restrictive means, including those things of a proprietary business or technical nature that might be of value to a competitor or potential customer or vendor of the Party, and must be protected from disclosure to the opposing Party. Examples of this information shall include proprietary computer systems and internal procedures, customer lists, sales and marketing plans and techniques, advertising plans and philosophy, sources of applications,  pricing options, forecasts, and related financial information.

2.6     Party: any party to this action, including all of its officers, directors, employees, and consultants.

2.7     Report: A written statement by an Expert retained by a Party as more fully described in Fed. R. Civ. P. 26(a)(2)(B)(I).

2.8     Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

2.9     Protected Material: any Disclosure or Discovery Material that is designated as either "Confidential" or as ''Highly Confidential - Attorney's Eyes Only."

3.     SCOPE.

The protections conferred by this Protective Order cover not only Protected Material, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, reports or compilations thereof.

4.     DESIGNATION OF PROTECTED MATERIAL.

Any Person who produces, gives, serves, files, or otherwise provides ''Confidential'' or "Highly Confidential - Attorney's Eyes Only" Discovery Material may designate such information as such under the terms of this Protective Order if it meets the definition stated in Paragraphs 2.1 or 2.5. Depositions may be so designated by statement of counsel on the record at the conclusion of the deposition.

4.1     Designation of "Confidential" Material: As a general guideline, information or materials designated as "Confidential" shall be those things that may be produced to the Parties for the purposes of the litigation, but which must be protected against disclosure to third parties. Absent a specific order by this Court, once designated as ''Confidential,'' such designated information shall

be used by the Parties solely in connection with this litigation and not for any other business, competitive, or governmental purpose or function, and such information shall not be disclosed to anyone except as provided hereby.

    4.2    <u>Designation of "Highly Confidential - Attorney's Eyes Only" Material</u>: Absent a specific order by this Court, once designated as ''Highly Confidential – Attorney's Eyes Only,'' such designated information shall not be disclosed to anyone beyond opposing counsel except as provided hereby.

    a.    Before any materials or information can be designated by any party as being "Highly Confidential - Attorney's Eyes Only," the designating party shall have a corporate officer affirm, after diligent inquiry, that the materials have not been placed in the public domain and have not been widely disseminated. The form affirmation is appended hereto as Exhibit A.

    b.    When a party designates information, documents, or materials as Highly Confidential - Attorney's Eyes Only, the designating party shall, upon the request of the opposing party, produce within five business days a redacted version of the same information, documents or materials in a manner such that the redacted materials can be designated as "Confidential" under this Order.

<u>5.</u>    <u>DISCLOSURE OF DESIGNATED MATERIAL.</u>

    5.1    <u>Disclosure of Confidential Information</u> - Except as otherwise provided by this Protective Order, information designated as "Confidential," or copies or extracts therefrom and compilations and summaries thereof, may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to:

  a. Outside counsel of record for a Party in this action, their clerical, paralegal, and other staff, and Professional Vendors they retain;

  b. a Party, if the Party is an individual, and otherwise the officers, directors, or employees of a Party whose assistance is needed by counsel for the purposes of this litigation, provided that such Parties and persons agree to be bound by this Protective Order by signing a copy of the Acknowledgment of Protective Order attached hereto as Exhibit B;

  c. the Court (in the manner provided by Paragraphs 10 and 11) and Court personnel;

  d. any other person as to whom the producing Party agrees in writing;

  e. court reporters employed in connection with this action;

  f. any Expert, subject to the terms set forth in Paragraph 7.

 5.2 <u>Disclosure of "Highly Confidential - Attorney's Eyes Only" Information</u> -

Except as otherwise provided by this Protective Order, information designated as "Highly Confidential -Attorney's Eyes Only" shall only be disclosed to the persons in Paragraphs 5.1(a) and 5.l(c) through 5.l(f). Information designated as "Highly Confidential - Attorney's Eyes Only" shall not be disclosed to persons listed in Paragraph 5.l(b).

6. <u>HANDLING OF PROTECTED MATERIAL.</u>

The Parties shall store all Protected Material, and all copies and/or summaries of the Protected Material, in a safe location so as to prevent its disclosure except pursuant to the terms of this Protective Order.

7. <u>EXPERT REVIEW AND REPORT.</u>

 7.1 Any party seeking to have an Expert approved for access to materials designated as "Confidential" or "Highly Confidential - Attorney's Eyes Only" shall require that the Expert first execute the Acknowledgement of the Protective Order attached hereto as Exhibit B.

 7.2 Any Report that discusses, describes, attaches, or discloses in any way the substance of any Confidential Material shall be designated as "Confidential" or "Highly Confidential - Attorney's Eyes Only" depending on the designation of the information disclosed.

8. <u>INADVERTENT DISCLOSURE OF PROTECTED MATERIAL</u>.

 Nothing in this Protective Order shall require production of information which any Party contends is protected from disclosure by the attorney-client privilege or the work product doctrine. If information subject to a claim of attorney-client privilege or work product doctrine is nevertheless inadvertently produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or work product doctrine for such information. If any Party has inadvertently produced to the other Party information subject to claim of privilege or work product doctrine, the other Party shall promptly return the information upon discovery of the inadvertent production through the Party's own review of the material or when a claim of inadvertent production is made. If a Party disagrees with a claim of inadvertent production, the Party returning such information may then move the Court for an Order compelling production of such information, but the motion shall not assert as a ground for production the fact or circumstances of the inadvertent production.

9. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL.

If any Party learns that, by inadvertence or otherwise, it has disclosed Protected Material in any circumstance not authorized under this Protective Order, the Party must immediately (a) notify the other Party in writing of the unauthorized disclosure, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order, and (d) request that such person or persons execute the "Acknowledgment of Protective Order" that is attached hereto as Exhibit B.

10. COURT FILINGS.

A Party may not file in the public record in this action any Protected Material without written permission from the opposing Party or pursuant to Court order secured after appropriate notice to all interested persons. Any Protected Material filed with the Court must be filed under seal and not available for public viewing in accordance with D. Colo.L.Civ.R. 7.3. Any excerpts of deposition testimony referring to Protected Material must also be filed under seal.

11. USE IN TRIAL. The Parties shall be permitted to use Protected Material at trial, to the extent that it is admissible and relevant to a claim or defense in the case. Counsel for the Parties shall confer on such procedures as are necessary to permit a Party to object to the use of specific Highly Confidential – Attorney's Eyes Only material at trial where the Parties disagree that such material is admissible and relevant to a claim or defense in the case and shall incorporate such procedures as appropriate into the Final Pretrial Order. After any such objection has been resolved, starting one month prior to the commencement of trial, a Party shall be permitted to review trial exhibits and trial deposition designations containing Highly Confidential - Attorney's Eyes Only material in the office of the Party's counsel. No Party shall be permitted

to remove or photocopy Protected Material and shall leave any notes taken regarding the Protected Material in the office of the Party's counsel.

12. MODIFICATION.

The provisions of this Protective Order shall govern the use of all Protected Material produced by the Parties. Each of the Parties hereto shall be entitled to seek modification of this Protective Order by application to the Court on notice to the other Parties and/or non-parties hereto for good cause.

13. ACKNOWLEDGEMENT OF JURISDICTION.

All counsel for the Parties who have access to information or material designated as "Confidential" or "Highly Confidential - Attorney's Eyes Only" under this Protective Order acknowledge they are bound by this Order and submit to the jurisdiction of this Court for purposes of enforcing this Order.

14. DURATION.

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until the Parties agree otherwise in writing or a Court order otherwise directs.

15. DISPOSITION OF PROTECTED MATERIAL FOLLOWING LITIGATION.

Unless otherwise ordered or agreed in writing by a Party, within ten (10) days after either (1) entry of a final judgment in this action and the exhaustion of any and all appeals or the failure to take a timely appeal, or (2) a settlement resolving this action, each receiving Party must destroy all Protected Material received from the other Party, all copies of such material, and all documents revealing the contents of the Protected Material.

16. <u>RESOLUTION OF DISPUTES</u>.

Whenever a Party objects to the treatment of a document or transcript as "Confidential" or "Highly Confidential - Attorney's Eyes Only," it shall in writing so inform the other Party at any time. The Parties shall confer in good faith as to the validity of the designation within ten (10) days of receiving written notice. If the Parties are unable to reach an agreement as to the designation, the Party seeking treatment of the materials as "Confidential" or "Highly Confidential - Attorney's Eyes Only" may make an appropriate motion to this Court within twenty (20) days of receiving notice and after conferring with the opposing Party, with confidential portions thereof to be kept under seal, requesting that the identified information be afforded treatment under the provisions of this Protective Order. Any motion made under this section shall be accompanied by a declaration or affidavit from an officer of the designating party that provides a factual basis for protecting the disputed materials. Until the Court enters an Order changing the designation of the document, it shall be accorded the "Confidential" or ''Highly Confidential - Attorney's Eyes Only" treatment. If no motion is filed with the Court after the expiration of the time period specified above for doing so, the Discovery Material shall no longer be deemed "Confidential" or ''Highly Confidential - Attorney's Eyes Only."

Dated at Denver, Colorado this 23rd day of March, 2009.

BY THE COURT:

  s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge

**[Exhibit A]**
**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

Civil Action File No. 08-00744 DME-MEH

MOSTCHOICE.COM, INC.

    Plaintiff,

v.

NETQUOTE, INC.

    Defendant.

**AFFIRMATION PURSUANT TO ¶ 4.2(a) OF PROTECTIVE ORDER**

    I, _____, am _____ of _____. I affirm, after diligent inquiry, that the materials designated "Highly Confidential – Attorney's Eyes Only" have not been placed in the public domain and have not been widely disseminated by _____.

_____                      _____
Date                                                             Signature

**[Exhibit B]**
**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

Civil Action File No. 08-00744 DME-MEH

MOSTCHOICE.COM, INC.

    Plaintiff,

v.

NETQUOTE, INC.

    Defendant.

**ACKNOWLEDGMENT OF PROTECTIVE ORDER**

    I, _____ have read a copy of the Protective Order re: Documents And Deposition Transcripts ("Protective Order") and understand it.

    I recognize that in connection with my involvement in matters relating to this case, captioned MostChoice.com, Inc. v. NetQuote, Inc., Civil Action No. 08-00744 DME-MEH, I may have occasion to read or hear about documents or information produced in this lawsuit, or learn of other information, that is designated "Confidential" or "Highly Confidential – Attorney's Eyes Only." These materials may constitute the closely guarded proprietary information, financial information or trade secrets of the disclosing party.

    I agree to limit my use of any "Confidential" or "Highly Confidential – Attorney's Eyes Only" materials solely to my participation in this lawsuit, and I will not use such documents or other information for any business or competitive purpose, or for any other reason that is not directly related to my participation in this lawsuit. I agree to abide by the Protective Order in every respect and will not disclose directly or indirectly any "Confidential" or "Highly Confidential – Attorney's Eyes Only" material to any person who is not permitted to know of the information.

    I consent to the jurisdiction and venue of this Court in the event that there is any need to enforce the terms of this Acknowledgement or the Protective Order. By providing this consent, I acknowledge that either party in this case can require me to appear and respond to criminal or civil contempt proceedings in this Court, within the District of Colorado.

_____        _____
Date                                                  Signature